[Cite as *State v. Tidsdale*, 2011-Ohio-1539.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10-CA-9 |
| JANA TISDALE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Coshocton Municipal
Court, Case Nos. TRC 1000319 and
CRB1000123


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     March 28, 2011


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellee


CHRISTIE M.L. NELSON                JEFFREY G. KELLOGG
Coshocton Police Prosecutor         Assistant Public Defender
760 Chestnut Street                      239 North Fourth Street
Cochocton, Ohio 43812                  Coshocton, Ohio 43812

*Hoffman, P.J.*

{¶1}   Defendant-appellant Jana Tisdale appeals her conviction entered by the Coshocton Municipal Court for operating a motor vehicle impaired, child endangering and disregarding a traffic control device.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 6, 2010, at approximately 6:30 p.m., Deputy Albert Havranek of the Coshocton County Sheriff's Department was traveling east on Chestnut Street in Coshocton, Ohio.  A vehicle operated by Appellant exited the McDonald's on Chestnut Street.  Deputy Havranek slowed as Appellant's vehicle exited in front of him.  Deputy Havranek followed Appellant for approximately seven blocks until Appellant turned the wrong way onto Coe Avenue, a one-way street.  Coe Avenue is clearly marked on both sides of the street with a sign which states, "DO NOT ENTER."

{¶3}   Deputy Havranek conducted a traffic stop, and approached Appellant's vehicle.  The deputy observed a minor child in the vehicle with Appellant.  Deputy Havranek noticed a strong odor of alcohol on Appellant, and also noticed Appellant putting food in her mouth and drinking water as he approached the vehicle.

{¶4}   During the stop, Appellant admitted to Deputy Havranek she had consumed alcohol at the Eagles earlier in the day.  She admitted to consuming two Kessler's and Coke, a whiskey or bourbon.  She further testified the drinks were made "strong".

{¶5}   After stepping out of her vehicle, Appellant was observed to be unsteady on her feet.  She used the vehicle door and the side of the vehicle to steady herself.  Deputy Havranek also observed Appellant's eyes were bloodshot and glassy.

{¶6} Appellant was placed under arrest, and later refused to submit to a breath test. She was charged with and entered a plea of guilty to operating a motor vehicle impaired, child endangering and disregarding a traffic control device.

{¶7} Appellant now assigns as error on appeal:

{¶8} "I. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT-APPELLANT JANA TISDALE GUILTY OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE AND CHILD ENDANGERING BECAUSE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶9} In the sole assignment of error, Appellant argues her convictions for operating a motor vehicle while impaired and child endangering are against the manifest weight of the evidence.

{¶10} O.R.C. 4511.19(A)(1)(a), reads:

{¶11} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶12} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶13} O.R.C. 2919.22(C)(1), reads:

{¶14} "(C)(1) No person shall operate a vehicle, streetcar, or trackless trolley within this state in violation of division (A) of section 4511.19 of the Revised Code when one or more children under eighteen years of age are in the vehicle, streetcar, or trackless trolley. Notwithstanding any other provision of law, a person may be convicted at the same trial or proceeding of a violation of this division and a violation of division (A) of section 4511.19 of the Revised Code that constitutes the basis of the charge of

the violation of this division. For purposes of sections 4511.191 to 4511.197 of the Revised Code and all related provisions of law, a person arrested for a violation of this division shall be considered to be under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them or for operating a vehicle with a prohibited concentration of alcohol, a controlled substance, or a metabolite of a controlled substance in the whole blood, blood serum or plasma, breath, or urine."

{¶15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, syllabus 1.

{¶16} Upon review, we find Appellant's convictions were not against the manifest weight and sufficiency of the evidence. As set forth in the statement of facts supra, Appellant admitted to the arresting deputy she had previously consumed "strong" alcoholic drinks.  The deputy noticed a strong odor of alcohol on her person, as well as glassy, bloodshot eyes, and difficulty walking without assistance. The deputy further observed Appellant turn the wrong way on a one-way street despite signs indicating the

traffic violation.  Appellant had a minor child in the vehicle with her during the incident.

Based on the foregoing, we find Appellant's convictions were supported by competent,

credible evidence.

{¶17}  The judgment of the Coshocton Municipal Court is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____

HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____

HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____

HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
JANA TISDALE                           :
                                       :
    Defendant-Appellant                :               Case No. 10-CA-9


For the reasons stated in our accompanying Opinion, The judgment of the Coshocton Municipal Court is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY